```
            IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF HAWAII

SHANE ROBERTS,                 )  Civil No. 20-00484 HG-KJM
                               )
          Plaintiff,           )  AMENDED FINDINGS AND
                               )  RECOMMENDATION TO:
     vs.                       )  (1) DISMISS PLAINTIFF'S
                               )  COMPLAINT; AND (2) DENY
SSI,                           )  PLAINTIFF'S APPLICATION TO
                               )  PROCEED IN DISTRICT COURT
          Defendant.           )  WITHOUT PREPAYING FEES OR
                               )  COSTS
                               )
                               )
```

AMENDED FINDINGS AND RECOMMENDATION TO:
(1) DISMISS PLAINTIFF'S COMPLAINT; AND
(2) DENY PLAINTIFF'S APPLICATION TO PROCEED
IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

I.  INTRODUCTION

On November 9, 2020, Shane Roberts ("Roberts"), proceeding *pro se*, filed a form complaint titled, Complaint for Review of a Social Security Disability or Supplemental Security Income Decision ("Complaint") against defendant "SSI."  ECF No. 1.  On the same day, the Court entered a Deficiency Order instructing Roberts to either pay the $400 filing fee or file a completed and executed Application to Proceed *in forma*

*pauperis* within twenty-eight days.  ECF No. 2.  On November 27, 2020, Roberts filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application").  ECF No. 3.  For the reasons set forth below, the Court FINDS and RECOMMENDS that the district court:  (1) DENY Roberts's IFP Application; and (2) DISMISS Roberts's Complaint.

## II.  BACKGROUND

Roberts's Complaint asserts a claim against defendant, "SSI."  Roberts does not provide any further explanation of this acronym or any contact information for "SSI."  ECF No. 1 at 2.  Roberts lists his claim type, however, as a Disability Insurance Benefits Claim under Title II of the Social Security Act.  ECF No. 1 at 3.  Accordingly, the Court construes Roberts's claim as a Social Security appeal against the Social Security Administration.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that a document filed pro se is "to be liberally construed").

Roberts did not attach a copy of the Commissioner's final decision or the notice he received that his appeal was denied by the Social Security Administration, as required by Section II of the Complaint.  ECF No. 1 at 3.  Under Section III of the Complaint, titled "Statement of a Claim," Roberts states "[b]ecause I have disability and chronic pain – and limited mobility ongoing chronic pain neck around back head."  *Id.*  Roberts requests that the court "[m]odify the defendant's decision and grant monthly maximum insurance benefits to the plaintiff, retroactive to the date of initial disability."  *Id.* at 4.

Pursuant to the Court's November 9, 2020 Deficiency Order (ECF No. 2), Roberts filed an IFP Application on November 27, 2020.  ECF No. 3.  In his IFP Application, Roberts asserts that his weekly take-home pay is $270 and that he earns around $50 per month doing cleaning and maintenance work.  *Id.* at 1.  Roberts states that he has $150 in his checking account and possesses

$86,000 in real estate, personal property, and two IRA accounts.  *Id.* at 2.  Roberts asserts that his monthly expenses include $400 in taxes and utility fees.  *Id.*

### III. Discussion

A.   Roberts's Complaint

42 U.S.C.A. § 405(g) sets forth this Court's jurisdiction to review final decisions of the Commissioner of Social Security:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Pursuant to section 405(g), the Complaint states, "[a]n appeal from a decision of the Commissioner must be filed within 60 days of the date on which you received notice that the Commissioner's decision became final." ECF No. at 3.  The Complaint then asks:  "When did you receive notice that the Commissioner's decision was final?"  *Id*.  The Complaint further directs the

4

claimant to "attach a copy of the Commissioner's final decision, and a copy of the notice you received that your appeal was denied from the Social Security Appeals Council." *Id.* Roberts failed to attach to his Complaint a copy of the Commissioner's final decision or the notice he received that his appeal was denied by the Social Security Administration.

"The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926); *see also* Fed. R. Civ. P. 8(a)(1). Because Roberts did not attach a copy of the final decision, the Court does not know whether Roberts exhausted his administrative remedies, thereby conferring this Court jurisdiction to review the merits of Roberts's Complaint. Roberts thus fails to "show in

his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction" *Smith*, 270 U.S. at 459.

Because Roberts's Complaint fails to provide a basis for federal jurisdiction, Roberts fails to state a claim upon which relief can be granted.

The Court thus FINDS and RECOMMENDS that the district court DISMISS Roberts's Complaint.

B. IFP Application

In light of the Court's finding that the Complaint is deficient, the Court recommends that the district court deny Roberts's IFP Application.

## IV. CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the district court:

1. DISMISS the Complaint; and
2. DENY Plaintiff's IFP Application.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 4, 2021.

Kenneth J. Mansfield
United States Magistrate Judge

CV20-00484 HG-KJM; *Roberts v. SSI*; AMENDED FINDINGS AND RECOMMENDATION TO:(1) DISMISS PLAINTIFF'S COMPLAINT; AND (2) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS